UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANTHONY HRNCIR | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-692-SDJ |
| | § | |
| INTERNAL REVENUE SERVICE, | § | |
| ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

On September 15, 2025, the Court adopted the Magistrate Judge's Report and Recommendation, (Dkt. #116, #118), and issued its Final Judgment, (Dkt. #119), dismissing Plaintiff Anthony Hrncir's claims without prejudice. The Court found that Hrncir lacked standing to bring this suit, and that amendment would be futile. (Dkt. #116, #118). Eighteen days later, Hrncir filed a Notice of Appeal, (Dkt. #120), and a Motion for Reconsideration of Final Judgment under Federal Rule of Civil Procedure 59(e), (Dkt. #121). The notice of appeal was filed before the motion for reconsideration. *See* (Dkt. #120, #121).

Hrncir argues in his motion for reconsideration that the Court's judgment "rests on clear error of law, works manifest injustice, and disregards governing precedent that requires a different result." (Dkt. #121 at 2) (emphasis omitted). He further argues that "[g]ranting reconsideration will serve judicial economy by correcting errors at this stage rather than requiring appeal." (Dkt. #121 at 5) (emphasis omitted).

1

The Court first considers whether it has jurisdiction to decide the motion for reconsideration. After concluding that it does, the Court considers the merits of Hrncir's motion.

## I. DISCUSSION

### A. Jurisdiction

Generally, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case on appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). However, "the efficacy of a notice of appeal can be delayed under Federal Rule of Appellate Procedure 4." *Redding-Guidry v. Harmony Pub. Sch.*, No. CV H-22-2299, 2024 WL 460244, at *2 (S.D. Tex. Feb. 6, 2024). Rule 4 provides, in relevant part:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

FED. R. APP. P. 4(a)(4)(B)(i). Put another way, "the timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court." *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005). "This holds true regardless of whether the motion was filed before or after the notice of appeal." *Id.* at 751–52. "Thus, when a party files a Rule 4(a)(4)(A) motion after previously filing a notice of appeal—as is the case here—the district court is 'not entirely finished with [the] case'" and retains jurisdiction to decide the motion. *State of Texas v. United States Dep't of Homeland Sec.*, No. 6:23-CV-00007, 2024 WL

2

2888758, at *1 (S.D. Tex. May 28, 2024) (quoting *Simmons v. Reliance Standard Life Ins. Co. of Tex.*, 310 F.3d 865, 868 (5th Cir. 2002)).

Among the motions listed in Rule 4(a)(4)(A) are motions "to alter or amend the judgment under Rule 59." *See* FED. R. APP. P. 4(a)(4)(A)(iv). Here, Hrncir's motion for reconsideration seeks amendment of the Court's final judgment under Federal Rule of Civil Procedure 59(e). *See* (Dkt. #121 at 2). Thus, the Court has jurisdiction to decide Hrncir's motion.

**B. Motion for Reconsideration**

A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). It serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (cleaned up). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). In other words, "Rule 59(e) is not designed to permit a party to continue to re-litigate the same claims with the same arguments, or even new arguments, once there has been a ruling on the merits of a claim." *Finney v. Thaler*, No. MO:10-CV-00131-DC, 2020 WL 13663878, at *2 (W.D. Tex. Jan. 17, 2020). Accordingly, "[r]econsideration of a

3

judgment after its entry [under Rule 59(e)] is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Here, Hrncir fails to meet the high standard for reconsideration of a judgment under Rule 59(e). Hrncir first contends that the Court's judgment "rests on a clear error of law." (Dkt. #121 at 2–4). But Hrncir merely rehashes arguments that the Court previously considered and rejected. *See* (Dkt. #116 at 10, 12); *Templet*, 367 F.3d at 479 (holding that a Rule 59(e) motion is not the proper vehicle for rehashing legal theories or arguments that were raised before the entry of judgment). Hrncir also purports to identify an intervening change in controlling law, but the cases he cites were decided in 2019 and 2006—many years before the Court issued its final judgment in this case. *See* (Dkt. #121 at 4). In sum, Hrncir has neither identified an intervening change in controlling law, nor identified a manifest error warranting reconsideration of the Court's judgment.

## II. CONCLUSION

For these reasons, Plaintiff's Motion for Reconsideration of Final Judgment, (Dkt. #121), is **DENIED**.

**So ORDERED and SIGNED this 7th day of October, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE